UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DWAYNE GISCOMBE,

                                                              Plaintiff,        **COMPLAINT**

               -against-                   **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, P.O. THOMAS
SORRENTINO, and P.O. URIEL HENRY, individually
and in their official capacities,

                                                            Defendants.

------------------------------------------------------------------X

      Plaintiff DWAYNE GISCOMBE, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

    4.    Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff DWAYNE GISCOMBE is an African-American male, a legal permanent resident of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. THOMAS SORRENTINO and P.O. URIEL HENRY were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **INCIDENT FACTS**

13. On February 25, 2012, at approximately noon, plaintiff DWAYNE GISCOMBE was lawfully present inside Prince's Deli & Grocery, at 2827 Mermaid Avenue, in the County of Kings, in the City and State of New York.

14. At aforesaid time and place, DWAYNE GISCOMBE did not possess or sell narcotics of any type, did not participate in any such sale, and did not participate in any other unlawful act whatsoever.

15. At aforesaid time and place, plaintiff DWAYNE GISCOMBE did not behave in a manner that would suggest to any reasonable police officer that plaintiff possessed or sold narcotics, participated in any such sale, or participated in any other unlawful act whatsoever.

16. Nonetheless, plaintiff DWAYNE GISCOMBE was suddenly accosted by defendants P.O. THOMAS SORRENTINO and P.O. URIEL HENRY.

17. Defendants handcuffed plaintiff DWAYNE GISCOMBE and placed him under arrest on narcotics charges, despite defendants' knowledge that they lacked probable cause to do so.

18. Defendants handcuffed plaintiff DWAYNE GISCOMBE more tightly and violently than is authorized or required by proper NYPD procedure.

19. Plaintiff DWAYNE GISCOMBE repeatedly advised defendants that the handcuffs were too tight and were causing him pain.

20. Defendants refused to remove or adjust the handcuffs.

21. As a result of being handcuffed too tightly and violently, plaintiff DWAYNE GISCOMBE sustained abrasions, lacerations, and contusions to his wrists that lasted for approximately two weeks, and that left marks that remained over a year later and presumably are permanent.

22. Defendants transported plaintiff DWAYNE GISCOMBE to the 60th Precinct of the New York City Police Department in Brooklyn, New York, and from there to Brooklyn Central Booking.

23. While at the precinct, plaintiff DWAYNE GISCOMBE was subjected to an unlawful strip search.

24. Plaintiff DWAYNE GISCOMBE was held and detained in custody for approximately forty-eight hours.

25. Defendants initiated criminal proceedings against plaintiff DWAYNE GISCOMBE despite defendants' knowledge that they lacked probable cause to do so.

26. During the period between February 25, 2012 and December 10, 2012, plaintiff DWAYNE GISCOMBE was required to make approximately a dozen court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

27. On or about December 10, 2012, plaintiff DWAYNE GISCOMBE was acquitted of all charges against him.

28. As a result of the foregoing, plaintiff DWAYNE GISCOMBE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## MONELL FACTS

29. Both before and after the arrest of plaintiff DWAYNE GISCOMBE, a custom and practice of lawlessness and corruption pervaded Queens and Brooklyn narcotics operations.

30. As a direct result of this custom and practice, defendants in the instant matter felt free to arrest plaintiff DWAYNE GISCOMBE without probable cause and to manufacture evidence against him.

31. This custom and practice was first exposed in January of 2008, when four officers from Brooklyn South Narcotics were arrested and charged with criminal offenses.

32. The on-going custom and practice in Queens and Brooklyn was confirmed in October of 2011 in sworn testimony by former NYPD officer Steven Anderson.

33. Upon information and belief, because of the custom and practice of corruption and lawlessness in Queens and Brooklyn, approximately 400 criminal prosecutions had to be dismissed by the Queens County and Kings County District Attorney's Offices.

34. Both before and after the arrest of plaintiff DWAYNE GISCOMBE, NYPD officers were subject to "productivity goals" (i.e., arrest quotas).

35. The existence of quotas may be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals"; from the information provided by police officers Adrian Schoolcraft, Adil Polanco, and Craig Matthews; from audiotapes secretly recorded at the

81st Precinct in September 2010; and from sworn testimony by NYPD officers during the 2013 trial of *Floyd v. City of New York*, No. 08 Civ. 1034, in the Southern District of New York.

36. Upon information and belief, as a direct result of these quotas, defendants in the instant matter felt pressure to arrest plaintiff DWAYNE GISCOMBE without probable cause.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiff DWAYNE GISCOMBE of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. As a result of the aforesaid conduct by defendants, plaintiff DWAYNE GISCOMBE was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

45. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants strip-searched plaintiff DWAYNE GISCOMBE in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

48. As a result of the foregoing, plaintiff DWAYNE GISCOMBE was subjected to an illegal and improper strip search.

49. The foregoing unlawful strip search violated plaintiff DWAYNE GISCOMBE's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants issued legal process to place plaintiff DWAYNE GISCOMBE under arrest.

52. Defendants arrested plaintiff DWAYNE GISCOMBE in order to obtain a collateral objective outside the legitimate ends of the legal process.

53. Defendants acted with intent to do harm to plaintiff DWAYNE GISCOMBE without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff DWAYNE GISCOMBE's constitutional rights.

56. As a result of the aforementioned conduct of defendants, plaintiff DWAYNE GISCOMBE was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants misrepresented and falsified evidence before the District Attorney.

59. Defendants did not make a complete and full statement of facts to the District Attorney.

60. Defendants withheld exculpatory evidence from the District Attorney.

61. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff DWAYNE GISCOMBE.

62. Defendants lacked probable cause to initiate criminal proceedings against plaintiff DWAYNE GISCOMBE.

63. Defendants acted with malice in initiating criminal proceedings against plaintiff DWAYNE GISCOMBE.

64. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff DWAYNE GISCOMBE.

65. Defendants lacked probable cause to continue criminal proceedings against plaintiff DWAYNE GISCOMBE.

66. Defendants acted with malice in continuing criminal proceedings against plaintiff DWAYNE GISCOMBE.

67. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

68. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff DWAYNE GISCOMBE's favor on December 10, 2012, when he was acquitted of all charges against him.

### SEVENTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants created false evidence against plaintiff DWAYNE GISCOMBE.

71. Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

72. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

73. In creating and forwarding false information to prosecutors, defendants violated plaintiff DWAYNE GISCOMBE's constitutional right to a fair trial under the Due Process Clause of the Sixth and Fourteenth Amendments of the United States Constitution.

## EIGHTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Each and every individual defendant had an affirmative duty to intervene on plaintiff DWAYNE GISCOMBE's behalf to prevent the violation of his constitutional rights.

76. The individual defendants failed to intervene on plaintiff DWAYNE GISCOMBE's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

77. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and excessive force.

## NINTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants arrested, incarcerated, and prosecuted plaintiff DWAYNE GISCOMBE in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest, incarceration, and prosecution would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

80. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

81. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

82. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

   b) manufacturing evidence against individuals allegedly involved in drug transactions;

   c) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

83. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the facts set forth in the complaints in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139;

- **Mike Rivera v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4555;

- **Haile Dabreo v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4698;

- **Moses Boyd v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4457;

- **Jose Colon v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0008;

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185;

- **Charles Gaylord v. City of New York,** United States District Court, Southern District of New York, 12 Civ. 5905;

- **Leslie McDonald v. City of New York,** United States District Court, Eastern District of New York, 12 CV 3778;

- **Robert Birch v. City of New York,** United States District Court, Eastern District of New York, 10 CV 1584;

- **David Barker v. City of New York,** United States District Court, Eastern District of New York, 09 CV 5610;

- **Nathaniel McClary v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5359;

- **Michael Torres v. City of New York,** United States District Court, Eastern District of New York, 07 CV 5361;

- **Ronald Rose v. City of New York,** United States District Court, Eastern District of New York, 10 CV 3069;

- **Roddrick Ingram v. City of New York,** United States District Court, Eastern District of New York, 11 CV 2696; and

- **Peter Miller v. City of New York,** United States District Court, Eastern District of New York, 11 CV 4757.

84. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff DWAYNE GISCOMBE.

85. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DWAYNE GISCOMBE as alleged herein.

86. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff DWAYNE GISCOMBE as alleged herein.

87. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DWAYNE GISCOMBE was falsely arrested and incarcerated and maliciously prosecuted.

88. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DWAYNE GISCOMBE.

89. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DWAYNE GISCOMBE's constitutional rights.

90. All of the foregoing acts by defendants deprived plaintiff DWAYNE GISCOMBE of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

      B.      To be free from seizure and arrest not based upon probable cause;

      C.      To be free from unlawful search;

      D.      To be free from unwarranted and malicious criminal prosecution;

      E.      To be free from malicious abuse of process;

      F.      Not to have excessive force imposed upon him;

      G.      Not to have cruel and unusual punishment imposed upon him; and

      H.      To receive equal protection under the law.

91. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff DWAYNE GISCOMBE demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
                  January 2, 2014

                                                                /s/
                                            ROSE M. WEBER (RW 0515)
                                            30 Vesey Street, Suite 1801
                                            New York, NY 10007
                                            (212) 748-3355